Filed 5/3/13  In re K.K. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re K.K., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, | G047585 |
| Plaintiff and Respondent, | (Super. Ct. No. DP019443) |
| v. | O P I N I O N |
| L.K., | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gary Bischoff, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant.

Nicholas S. Chrisos, County Counsel, and Karen L. Christensen and Jeannie Su, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

In this juvenile dependency matter, the mother contends the juvenile court erred in refusing to provide her a full hearing after she petitioned for the court to change its order to set a hearing to terminate parental rights. We find the juvenile court did not abuse its discretion when it denied the mother a hearing on her petition.

I

FACTS

The minor, K.K., was born in 2007. In February 2010, the mother, L.K., asked neighbors to call the police as she believed she and the minor had wiretaps and bombs placed on them. The bomb squad and 30 officers arrived and found the mother and the minor barricaded in the garage. The child had bruises on his forehead and right buttock and scratches on his arm. When he was asked how he got the black and blue mark on his forehead, the minor said his mother hit him on the head. The home appeared to be ransacked and food in the refrigerator and freezer was decaying. Both the mother and the father, T.K., abuse substances. The mother was placed in a mental hospital pursuant to Welfare and Institutions Code section 5150, where her diagnosis was: "psychosis, not otherwise specified." (All further statutory references are to the Welfare and Institutions Code.)

The mother was arrested for corporal injury on a spouse or cohabitant in 2007. The next year, she was arrested for robbery and willful injury to a child.

The father was arrested for various violations involving thefts, burglary, fraudulent uses of credit cards, robberies, child cruelty and possession of controlled substances.

The juvenile court declared the minor a dependent child of the Orange County Juvenile Court. At the September 22, 2010 disposition hearing, the court found "to vest custody with mother would be detrimental to child and vest custody with father is required to serve child's best interest," and monitored twice-weekly visits for the

mother were ordered.  On May 9, 2011, the court found that conditions still existed justifying assumption of jurisdiction over the minor, and the mother was still permitted twice weekly unmonitored visits with the minor.

The mother missed her drug tests on June 6 and June 17, 2011.  On June 9, 2011, the father was arrested and jailed.  The minor was sent to an emergency shelter home on June 28, 2011, after living in the home of his paternal grandparents.

Orange County Social Services Agency (SSA) reported to the court on February 6, 2012:  "The mother's cooperation with the case plan and efforts and progress made toward alleviating or mitigating the causes necessitating court involvement have been:  None." (Capitalization omitted.)  She refused to even sign her case plan.

On May 14, 2012, the court found that return of the minor to his parents would create a substantial risk of detriment to his safety, protection, and physical or emotional well-being, and that reasonable services were provided or offered.  The court also found that neither parent had made any progress toward alleviating the causes which necessitated placement.  A hearing was ordered pursuant to section 366.26.

On the day of the section 366.26 hearing, the mother filed a motion pursuant to section 388 seeking a change to the court's orders terminating reunification services and setting the matter for a hearing pursuant to section 366.26.  In her declaration supporting the motion, the mother described her various residential placements, said she had been prescribed "the perfect medication," informed the court she was no longer considered to be gravely disabled and that her conservatorship had been terminated, stated she completed a parenting program and regularly attends Alcoholics Anonymous meetings, and said she obtained a real estate license.

On October 29, 2012, the court found insufficient evidence to suggest that a hearing pursuant to section 388 should be held.  In making its ruling, the juvenile court gave a lengthy statement explaining its reasons, a portion of which states:  "Clearly, the

3

mother is in a better position today than she was . . . two and a half years ago when this matter originally came to court. And as counsel has indicated, that's all to the good. We are pleased that that's what's going on, but the circumstances have not changed to such an extent that it seems that it's appropriate for the court to modify its orders. [¶] In addition to that, in looking at the second prong whether or not it's in the best interest of the child, as minor's counsel has pointed out, the child's spent nearly — nearly half his life in the current placement. This has become a stable and permanent home for the child up to this point and there, clearly, is no evidence to suggest that removing the child from that placement would be in the child's interest at this time." Thereafter, the court conducted a hearing, and then terminated the parental rights of both parents.

II

DISCUSSION

The mother contends the juvenile court erred in denying her a hearing on her request for a changed order under section 388. A juvenile court's determination to deny a section 388 petition without a hearing is reviewed for abuse of discretion, and a summary denial of a hearing will be upheld unless it can be determined from the record the denial exceeded the bounds of reason. (*In re Brittany K.* (2005) 127 Cal.App.4th 1497, 1505.)

A pleading that alleges only changing rather than fully changed circumstances promotes neither stability for the child nor the child's best interests. (*In re Carl R.* (2005) 128 Cal.App.4th 1051, 1072.) A petition under section 388 requires either new evidence or changed circumstances, but it also requires a showing the requested change promotes a child's best interests. (*Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1035-1036.) In light of the showing made in the mother's petition, even assuming everything she submitted is factually true, we cannot conclude the juvenile court abused its discretion when it deemed the mother's early attempts at change

4

insufficient to warrant a full hearing on her section 388 petition. (*In re Baby Boy L.* (1994) 24 Cal.App.4th 596, 610.)

"[T]he essence of a section 388 motion is that there has been a change of circumstances. Accordingly, the nature of the change, the ease by which the change could be brought about, and the reason the change was not made before bear on any such motion. [¶] Summarizing these factors: (1) the seriousness of the problem which led to the dependency, and the reason for any continuation of that problem; (2) the strength of relative bonds between the dependent children to *both* parent and caretakers; and (3) the degree to which the problem may be easily removed or ameliorated, and the degree to which it actually has been. While this list is not meant to be exhaustive, it does provide a reasoned and principled basis on which to evaluate a section 388 motion." (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 531-532.)

No doubt, the mother did make some changes in her life, but the import of her changes is moderated when one considers she missed some of her drug tests. And, as the juvenile court noted, the mother "has not provided evidence to suggest that she's completed an appropriate rehabilitation program for the drug abuse," or that she "has dealt with her anger management issues." She did make some admirable achievements, but the juvenile court, in effect, found she did too little and what she did was too late. She was faithful in her visitations, but, as the juvenile court noted, the minor was in a stable and permanent home, and it was not in his best interest to disturb his present arrangement.

## III

## DISPOSITION

The order of the juvenile court is affirmed.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.